UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:17-CV-14422-ROSENBERG/REID

NEAL H. BOCHNER,

    Plaintiff,

v.

MARTIN COUNTY, *et al.*,

    Defendants.

_____/

## ORDER ADOPTING MAGISTRATE'S REPORTS AND RECOMMENDATIONS

This matter comes before the Court on Defendants Nurse Donna Lee and Nurse Karen's Motion for Summary Judgment [DE 228]; the Motion for Summary Judgment of Martin County Sheriff's Office Deputies Albauer, Beath, Bundy, Fritchie, Libasci, Maltese, Pheifle, Tilson, and Waltersdorff ("the MCSO Defendants") [DE 231]; and the Motion for Summary Judgment of Stuart Police Officers Martin, Edens, Cernuto, Huffman, and Kelsay ("the Stuart Defendants") [DE 238]. The Court previously referred this case to the Honorable Lisette M. Reid for a Report and Recommendation on all dispositive matters. Judge Reid issued two Reports on the Motions for Summary Judgment on December 30, 2019, which the Court will address in turn. *See* DE 286; DE 287.

    **I.**    **Nurse Lee and Nurse Karen's Motion for Summary Judgment**

In the first Report and Recommendation, Judge Reid recommends that Nurse Donna Lee and Nurse Karen's Motion for Summary Judgment be granted on the claims against them, 42 U.S.C. § 1983 claims of deliberate indifference to Plaintiff's medical needs. DE 286. Plaintiff has not objected to the Report and Recommendation, and the time for filing objections has passed.

The Court has conducted a *de novo* review of the Report and Recommendation at DE 286 and the record and is otherwise fully advised of the premises. The Court agrees with the analysis and conclusions in the Report and Recommendation and finds Judge Reid's recommendation to be well reasoned and correct. The Court adopts the Report and Recommendation at DE 286 without further discussion.

## II. The MCSO Defendants' Motion for Summary Judgment

Plaintiff has pending 42 U.S.C. § 1983 claims of use of excessive force against Deputies Albauer, Fritchie, Libasci, Maltese, and Tilson. *See* DE 37. He has pending 42 U.S.C. § 1983 claims of failure to intervene against Deputies Beath, Bundy, Pheifle, and Waltersdorff. *Id.* In the second Report and Recommendation, Judge Reid recommends that the MCSO Defendants' Motion for Summary Judgment on these claims be denied. DE 287. The MCSO Defendants have not objected to the Report and Recommendation.

As an initial matter, the MCSO Defendants argue in their Motion for Summary Judgment that Plaintiff's claims against them are *Heck*-barred and barred under collateral estoppel. *See* DE 231. The Court agrees with Judge Reid's conclusion that these arguments are unavailing. *See* DE 287 at 16-22; *see also Hadley v. Gutierrez*, 526 F.3d 1324, 1331-32 (11th Cir. 2008); *Dyer v. Lee*, 488 F.3d 876, 878-84 (11th Cir. 2007).

As to the excessive-force claims, the MCSO Defendants have produced evidence in the form of incident reports and their own affidavits to show that, after Plaintiff was pulled from a car following a police chase, he resisted being placed into handcuffs and kicked Deputies, he ignored commands to cease resisting, and Deputy Libasci was concerned that Plaintiff was attempting to retrieve a concealed weapon. *See* DE 230 at 2-3. To accomplish Plaintiff's arrest, Deputies

2

Libasci, Albauer, and Maltese each delivered two taser stuns to Plaintiff's body, Deputy Tilson delivered multiple closed-fist strikes to Plaintiff's head, and Deputy Fritchie deployed his K-9, who bit Plaintiff's arm. *Id.* at 3.

In response to the MCSO Defendants' evidence, Plaintiff has provided evidence in the form of his own sworn affidavits averring that he was handcuffed and forced to lay prostrate on the ground "immediately" after being pulled from the car. DE 252-1 at 288; DE 253-3; DE 281. Plaintiff further avers that the force—the multiple taser stuns, the multiple strikes to his body, and the deployment of the K-9—was used while he was handcuffed and on the ground. DE 252-1 at 288; DE 253-3; DE 281.

Plaintiff's evidence creates a genuine issue of material fact as to whether the force used against him during his arrest was excessive and whether Deputies Albauer, Fritchie, Libasci, Maltese, and Tilson are entitled to qualified immunity. *See Saunders v. Duke*, 766 F.3d 1262, 1269-70 (11th Cir. 2014) (explaining that qualified immunity does not "immunize officers who use excessive and gratuitous force after a suspect has been subdued, is not resisting, and poses no threat"); *Hadley*, 526 F.3d at 1330 ("Our cases hold that gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force."); *see also United States v. Stein*, 881 F.3d 853, 857-59 (11th Cir. 2018) (holding that a non-conclusory affidavit based on personal knowledge, even if uncorroborated and self-serving, can create a genuine dispute of material fact that defeats summary judgment). The Court agrees with Judge Reid's conclusion that the Motion for Summary Judgment on the excessive-force claims against Deputies Albauer, Fritchie, Libasci, Maltese, and Tilson must be denied.

As to the failure-to-intervene claims, the MCSO Defendants contend that Deputies Beath, Bundy, Pheifle, and Waltersdorff had no obligation to intervene because the force used against Plaintiff was constitutional. DE 231 at 19. The Court rejects that argument based on the above analysis. Alternatively, the MCSO Defendants contend that, even if there was an unconstitutional use of force, the record does not establish that Deputies Beath, Bundy, Pheifle, and Waltersdorff were in positions to intervene. *Id.*; *see Hadley*, 526 F.3d at 1330-31 ("An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance. But it must also be true that the non-intervening officer was in a position to intervene yet failed to do so." (citations and quotation marks omitted)).

The MCSO Defendants point to no evidence to support their conclusory assertion that it "is not established by the record here" that Deputies Beath, Bundy, Pheifle, and Waltersdorff were in positions to intervene. *See* DE 231 at 19; *see also* DE 230. The MCSO Defendants do not point to affidavits or depositions of Deputies Bundy, Pheifle, or Waltersdorff to shed light on the issue of whether they were in positions to intervene. The Court notes that the record does contain an affidavit of Deputy Beath, and that affidavit, in fact, indicates that he may have been in a position to intervene. *See* DE 230-4 at 3 (providing Deputy Beath's observations of Plaintiff's arrest and stating that, at one point, Deputy Beath "grabbed [Plaintiff's] legs").

The MCSO Defendants have not satisfied their burden to show that there is no genuine issue of material fact as to whether Deputies Beath, Bundy, Pheifle, and Waltersdorff were in positions to intervene. *See* Fed. R. Civ. P. 56(a) (stating that summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law"); Fed. R. Civ. P. 56(c)(1) (explaining that a "party asserting that a fact cannot be . . . genuinely disputed *must support the assertion by . . . citing to particular parts of materials in the record*" (emphasis added)); *see also Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (stating that the party seeking summary judgment "always bears the initial responsibility" of demonstrating the absence of a genuine issue of material fact and that "[o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment"). The Court agrees with Judge Reid's conclusion that the Motion for Summary Judgment on the failure-to-intervene claims against Deputies Beath, Bundy, Pheifle, and Waltersdorff must be denied.

### III. The Stuart Defendants' Motion for Summary Judgment

Plaintiff has pending 42 U.S.C. § 1983 claims of failure to intervene against the Stuart Defendants. *See* DE 37. In the second Report and Recommendation, Judge Reid recommends that the Stuart Defendants' Motion for Summary Judgment on these claims be denied. DE 287. The Stuart Defendants have filed an Objection to the Report and Recommendation. DE 288.

The Stuart Defendants argue in their Motion for Summary Judgment that Plaintiff's claims against them are *Heck*-barred and barred under collateral estoppel. *See* DE 238. The Court rejects those arguments as previously discussed.

The Stuart Defendants contend that Officers Edens and Cernuto are entitled to summary judgment on the failure-to-intervene claims because there is no genuine issue as to whether they were in positions to intervene. The Stuart Defendants do not seek summary judgment as to Officers Martin, Huffman, and Kelsay on this basis. *See id.* at 7-8. Moreover, Officers Edens and

5

Cernuto do not argue that they are entitled to summary judgment based on qualified immunity. *See generally* DE 238 (lacking any reference to qualified immunity).

To support the contention that Officers Edens and Cernuto were not in positions to intervene, the Stuart Defendants point to similar affidavits of the two Officers. DE 239 at 3; DE 239-3; DE 239-4. Officer Cernuto avers:

> From my vantage point, it was impossible to observe the acts that were occurring regarding the Plaintiff in this case. I was approximately 5 to 10 feet away from the incident, it was dark out, and most importantly, my view of the suspect was being blocked by other officers involved in the apprehension.
>
> Thus it was not possible for me to observe the degree of force the officers were exerting on the Plaintiff, as well as any potential threat that the Plaintiff posed to the officers.

DE 239-3 at 2. Officer Edens makes nearly identical averments but asserts that he was "approximately 20 to 30 feet away from the incident." DE 239-4 at 2. Plaintiff avers in a sworn affidavit that, while it was dark out because it was night, the incident occurred "in front of a well lighted gas station in a very well lighted main intersection." DE 253-3 at 2.

The Court concludes that there is a genuine issue for trial as to whether Officers Edens and Cernuto were in positions to intervene. First, a reasonable trier of fact could conclude that a distance of between 5 and 30 feet is not so far as to render the Officers unable to intervene during the time that it took Deputies Libasci, Albauer, Maltese, Tilson, and Fritchie to deliver multiple taser stuns and multiple strikes to Plaintiff's body and to deploy a K-9. Second, Plaintiff's affidavit creates a genuine issue as to whether it was so dark that the Officers could not see the incident from those distances. Third, even if Officers Edens and Cernuto's views of the incident were impeded, a reasonable trier of fact could infer that the incident did not occur quietly and that the Officers could have deduced what was occurring and intervened accordingly. The Court agrees

with Judge Reid's conclusion that the Motion for Summary Judgment on the failure-to-intervene claims against Officers Edens and Cernuto must be denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Reid's Report and Recommendation at DE 286 is **ADOPTED**.
2. Defendants Nurse Donna Lee and Nurse Karen's Motion for Summary Judgment at DE 228 is **GRANTED**.
3. Magistrate Judge Reid's Report and Recommendation at DE 287 is **ADOPTED**.
4. The Motion for Summary Judgment of Martin County Sheriff's Office Deputies Albauer, Beath, Bundy, Fritchie, Libasci, Maltese, Pheifle, Tilson, and Waltersdorff at DE 231 is **DENIED**.
5. The Motion for Summary Judgment of Stuart Police Officers Martin, Edens, Cernuto, Huffman, and Kelsay at DE 238 is **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 31st day of January, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Plaintiff; Counsel of Record