UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  17-CV-14422-ROSENBERG/MAYNARD

NEAL BOCHNER,

    Plaintiff,

v.

SHERIFF SNYDER, et al.,

    Defendants.

_____/

## ORDER GRANTING THE PLAINTIFF'S MOTION IN LIMINE AND DENYING THE DEFENDANTS' MOTION IN LIMINE

This matter is before the Court on the parties' cross motions in limine at docket entries 332 and 333.  Both motions have been fully briefed.  For the reasons set forth below, the Defendants' Motion is denied and the Plaintiff's Motion is granted.

This is an excessive force case.  The Plaintiff contends that when he was extricated from his vehicle and arrested, the Defendants used excessive force.  The Defendants contend that the Plaintiff resisted arrested and the force used upon the Plaintiff was appropriate.  The focus of both motions in limine is the fact that, subsequent to the Plaintiff's arrest, the Plaintiff pled *nolo contendere* to the charge of resisting an officer with violence.  The Plaintiff seeks to exclude evidence of his conviction.  The Defendants seek the admission of (i) the conviction, (ii) the Plaintiff's plea, (iii) the Plaintiff's plea colloquy, and (iv) the testimony of the Assistant State Attorney who prosecuted the Plaintiff.

The basis for the Defendants' request is that, if the Plaintiff were to refuse to admit that he resisted arrest with violence, his claim for excessive force would be barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See Bursey v. Ameigh*, No. 08-CV-744, 2010 WL 3119389

(M.D. Fla. Aug. 4, 2010).  This is so because a claim for excessive force cannot be maintained if it would undermine the validity of a conviction. *Id.* at *1.  The Defendants argue that because the Plaintiff was convicted for fighting with officers with violence in the course of his arrest, he cannot maintain a claim now for excessive force without undermining the validity of the conviction.  This is an unpersuasive argument for three reasons.

     First, the Plaintiff admits that he resisted an officer with violence; he admits that, prior to being extricated from his car he resisted with violence.  DE 325.  Such an admission means that the Plaintiff's claim is not barred under *Heck*.  *See Dyer v. Lee*, 488 F.3d 876, 876 (11th Cir. 2007).  Because the Plaintiff's claim is not barred under *Heck*, evidence to establish that defense is irrelevant.

     Second, the Court has already ruled on this issue in multiple orders.  At docket entries 287 and 289, this Court ruled that the Plaintiff's claims are not barred under *Heck*.  The Plaintiff's claims are not barred because the Court, upon review of the Plaintiff's plea colloquy, simply cannot discern whether the Plaintiff's conviction was for resisting with violence *prior* to his extrication from his vehicle or *after* his extrication from his vehicle.  The state court judge accepting the Plaintiff's plea simply provided no details into the record:

> The Court: I will find a factual basis for your case as I did review the Affidavit in depth preparing for a possible trial in our case. So there is a factual basis for those charges.

DE 230-11 at 9.  Because the affidavit the state court judge reviewed contained references to violent resistance both before and after the Plaintiff left his vehicle, it is unclear what factual basis for the plea the state court judge was referring to and to what, precisely, the Plaintiff pled.

Third, because the Court cannot discern the precise factual basis for the Plaintiff's conviction, the Defendants want a jury to make the determination. Juries do not read plea colloquies. Juries do not review state court decisions. For this reason, it is unsurprising that the Defendants concede that they have been unable to locate *any* decision where a jury decided whether a claim was barred under *Heck*.

For these reasons, the Court can see no basis for the admission of evidence pertaining to the Plaintiff's conviction or plea, and the Plaintiff's Motion to exclude such evidence is granted and the Defendants' cross motion is denied. Nonetheless, the Court's decision is without prejudice to the extent that, if the Defendants can locate a case where a jury (i) was asked to determine whether a case was barred under *Heck* or (ii) was asked to review a plea colloquy and make factual determinations about the basis for the plea, the Defendants may provide that case to the Court and the Court will review it.

For the foregoing reasons, the Plaintiff's Motion in Limine [DE 333] is **GRANTED WITHOUT PREJUDICE** and the Defendants' Motion in Limine [DE 332] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of March, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record